WILLIAM W. CAMERON ET AL. v. G. W. BARCUS, EXECUTOR, ET AL.

Decided December 17, 1902.

1.—Insurable Interest—Creditor of Deceased Husband.

The creditor of a deceased husband for a community debt, has no personal claim on the surviving wife nor insurable interest as such creditor in her life.

2.—Insurance—Payment to Beneficiary Without Insurable Interest—Penalty.

An insurer refusing payment of the policy to the personal representative of insured is liable for 12 per cent penalty and attorney's fees, though it made payment instead to a beneficiary named in the policy, insured as a creditor, where it had notice that such beneficiary had no insurable interest, before making such payment.

3.—Indemnity.

An indemnity bond, given by one made beneficiary in an insurance policy as creditor of insured, to secure insurer, in paying to him the amount of the policy, against "any and all damages, costs, charges, or expenses" incurred by such insurer in resisting the claim of the legal representatives of deceased, entitles the insurer, on recovery against it by such legal representatives of the amount of the policy with 12 per cent damages, interest, and attorney's fees, to recover against the indemnitor the full amount so adjudged and also the insurer's reasonable attorney's fees for defending the suit.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

*W. T. League,* for appellant.

*Davis & Cocke,* for appellees.

KEY, ASSOCIATE JUSTICE.—This suit was brought by G. W. Barcus, as executor of the estate of Sophia A. Slaughter, against the Traveler's Insurance Company of Hartford, Conn., upon an insurance policy issued upon the life of Mrs. Slaughter.

The insurance company, by cross-bill, impleaded William W. Cameron, and the Fidelity and Deposit Company of Maryland; and in the event of recovery by plaintiff, the insurance company asks for judgment over against Cameron as principal, and the fidelity and deposit company as surety, upon an indemnity obligation executed by them.

There was a nonjury trial, resulting in a judgment for the plaintiff for $2000,—the face of the policy; $55 interest, $240 damages, and $300 attorney's fee, against the insurance company. Judgment was also rendered for the same amount in favor of the inusrance company and against Cameron and the fidelity and deposit company, together with $200 as attorney's fee; making a total of $2795. Cameron and the fidelity and deposit company have appealed.

The trial judge filed his conclusions of fact and law, as follows:

"Conclusions of Fact.—I find that Lee Slaughter died on the 10th day of January, 1899, totally insolvent; the only property owned by him being a community homestead of himself and wife Sophia A. Slaughter, of the value of $1500, on which was a purchase money debt of $879; that

he had no estate subject to administration, and that at the time of his death he was owing William Cameron & Co. $1553.63, for which they had no security, and which was a community debt.

"Sophia A. Slaughter was worried that the debt due William Cameron & Co. was unpaid, but had no property or other effects, save the homestead, and was willing to do anything she could to secure William Cameron & Co. the payment of their said debt, and in furtherance of this desire made application for and obtained from the Traveler's Insurance Company of Hartford, Conn., a policy of insurance on her life for $2000, which was issued to her on the 13th day of February, 1899, payable to William Cameron, creditor, as interest may appear, upon acceptance of satisfactory proof of death of the insured during the continuance of policy; that the premium paid for same was $89.36, and was paid by William Cameron & Co., and that thereafter before her death two other premiums for same amount became due and were paid by William Cameron & Co. In the application for said policy, on one of its blank forms, appears this language: '3-A. To whom payable—William Cameron. B. State relationship of insured——creditor. C. State date of birth——.' Sophia A. Slaughter did not owe William Cameron, or William Cameron & Co. any debt at the time before or after the issuance of said policy, nor was he a relative of hers in any degree, and neither he nor the company advanced to her any consideration for the said policy.

"The William Cameron denominated creditor in the policy is William W. Cameron, a member of the firm of William Cameron & Co., and in procuring it, William Cameron & Co. directed it to be so issued for their convenience.

"Sophia A. Slaughter died on August 2, 1901, and the Traveler's Insurance Company was immediately notified, and proof of death was made in due form, according to the requirements of the policy, and accepted as satisfastory by said company on the 19th day of September, 1901.

"Sophia A. Slaughter, by her last will and testament, appointed George W. Barcus her executor, who was required by said will to take charge of, collect and reduce to possession her estate, and distribute it as required by the terms of the will, which will was duly probated, and said Barcus duly qualified as such executor, and has brought this suit to recover the amount due on said policy, and I find that a reasonable attorney's fee for the prosecution of suit on said policy, and collection of same is $300.

"The insurance company was notified, before payment to Cameron, of the facts, and that the executor of Sophia A. Slaughter claimed said policy, and not to pay the same to the beneficiary named therein, or anyone else, and notwithstanding this it refused to pay same to said executor, and on the 29th day of October, 1901, paid said policy of $2000 to William W. Cameron, who at the same time, with the Fidelity and Deposit Company of Maryland as surety, executed and delivered to said insurance company a bond of indemnity in the penal sum of $3000 to indemnify

said insurance company against any and all loss to it by reason of its paying said policy of $2000 to said Cameron, and especially conditioned as follows:

" 'Now, therefore, the condition of this obligation is such that if we, the aforesaid obligors, our heirs, executors, administrators and successors, or any of them, shall well and truly indemnify and save harmless the said the Traveler's Insurance Company from and against any and all claims, by, through or under the aforesaid heirs or next of kin of the said Sophia A. Slaughter, or her executors or administrators, or other legal representatives, under, upon, or by reason of said policy, for any sum of money thereunder, and any and all damages, costs, charges or expenses, actions or suits, whether groundless or otherwise, by reason thereof, then this obligation is void, otherwise to remain in full force and virtue.'

"I find that a reasonable attorney's fee, which has been incurred by the Traveler's Insurance Company for defending this suit brought on said policy against it by said executor, is $200, and is an expense incurred by it as contemplated in said bond.

"Conclusions of Law.—I find as a matter of law, upon the foregoing conclusions of fact, that the insurance policy issued by defendant, the Traveler's Insurance Company, upon the life of Sophia A. Slaughter was a valid policy and binding upon the insurance company; and that neither William W. Cameron nor William Cameron & Co. ever had any insurable interest in the life of Sophia A. Slaughter that would entitle either of them to take out or hold a policy of insurance upon her life, and as between the executor of Sophia A. Slaughter, deceased, and William W. Cameron or William Cameron & Co., the said executor, plaintiff herein, is entitled to the proceeds of the policy of insurance sued upon.

"I am further of the opinion that the Traveler's Insurance Company having failed to pay the executor of Sophia A. Slaughter the amount of said policy within the time specified therein, after demand made and notice given it of absence of insurable interest in the beneficiary named in said policy, and having thereafter paid same to the said beneficiary, is liable to said executor, and he is entitled to judgment against it for the full amount of said policy, to wit, $2000, with interest from date of receipt by it of proof of death, together with 12 per cent damages, amounting to $240, and a reasonable attorney's fee for prosecution of this suit for collection of said loss, to wit, $300.

"I am also of the opinion that the Traveler's Insurance Company is entitled to recover over against William W. Cameron, and his surety, Fidelity and Deposit Company of Maryland, upon their said bond of indemnity, any and all sums of money herein adjudged against and paid by it to plaintiff as executor of Sophia A. Slaughter, deceased, and all costs of suit, and also for the further sum of $200 attorney's fee for defending suit as part of its expenses, charges and costs incurred, as contemplated in said indemnity bond."

*Opinion.*—We approve and adopt the trial judge's conclusions of fact and law. The debt of William Cameron & Co. against the community estate of Mrs. Slaughter and her husband, was not a personal liability against Mrs. Slaughter, and therefore neither William Cameron nor Cameron and Co. were creditors of Mrs. Slaughter; and, not being such, nor related to her, they had no insurable interest in her life. Insurance Co. v. Hazlewood, 75 Texas, 350; Shenfield v. Turner, 75 Texas, 329; Price v. Knights of Honor, 68 Texas, 366; Mayer v. Insurance Co., 87 Texas, 169; Chceves v. Anders, 87 Texas, 292.

Nor as error committed in rendering judgment over in favor of the insurance company and against Cameron and the fidelity and deposit company for damages and attorney's fees, as well as for the face of the policy and interest. Statutory provisions of law regulating insurance companies doing business in this State rendered the insurance company liable to the plaintiff for 12 per cent damages and reasonable attorney's fees. And the indemnity obligation executed by Cameron and the fidelity and deposit company rendered them liable to the insurance company not only for such judgment as might be recovered against it, but for "any and all damages, costs, charges or expenses incurred by the insurance company in resisting the plaintiff's claim;" and the language quoted authorized the insurance company to recover from Cameron and the fidelity and deposit company reasonable attorney's fees expended by the insurance company in this case.

No error has been shown, and the judgment is affirmed.

*Affirmed.*