### No. 10,638.

### NATIONAL SURETY CO. v. PEOPLE, EX REL. KANE.

Decided April 7, 1924.   Rehearing Denied May 5, 1924.

Action on bond.  Judgment for plaintiff.

### *Reversed.*

1.  BONDS—*Surety Companies—Liability.*  Where one surety company by contract agreed with another to reinsure certain of its unexpired surety bonds under which no notice of a claim had been received, it is held, no action would lie against the reinsuring company upon the bond of an executrix, upon which a claim had been made and notice thereof received by the original insurrer prior to the execution of the contract, but of which the reinsuring company had no notice or knowledge.

*Error to the District Court of the City and County of Denver, Hon. A. F. Hollenbeck, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Mr. ROBERT H. KANE, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SOMETIME prior to September 5, 1908, Dillie S. Aldrich died in Kansas, leaving a will, which was there probated.

The will dispensed with bond. On the date mentioned Ozetta Marshall was appointed executrix of the estate of Dillie S. Aldrich in Colorado. The executrix in Colorado proceeded to administer the estate, and shortly after her appointment, she presented a claim of her own against the estate, and a special administrator was appointed. The claim of the executrix was allowed October 20, 1908, in the sum of $2,829.68. The following year, on September 4, 1909, she filed a report showing payment to herself of this claim which had been allowed. Shortly thereafter, certain heirs at law and legatees under the will appeared by Robert H. Kane, and filed objections to the approval of the report, and to the payment of the judgment or claim allowed in favor of the executrix. Up to this time no bond had been required of the executrix in Colorado, but on October 2, 1909, she entered into a bond as executrix in the sum of $3,500 with the United Surety Company, as surety. Thereafter on January 13, 1911, she entered into another bond as executrix with the Empire State Surety Company, as surety, apparently without any order therefor, made at that time, but on the 6th day of April, 1911, an order was entered *nunc pro tunc* as of January 28, 1911, the day on which the second bond was filed, ordering the executrix to file an additional bond, and the bond was then approved. In the meantime it appears that Ozetta Marshall, the executrix, had paid herself the amount of her judgment, and had used the money prior to the year 1911, and at the time of the execution and approval of the second bond, she had no money on hand, either individually, or as executrix. On December 8, 1909, Florence E. Taylor, and others, as plaintiffs, brought suit against Ozetta Marshall, the object and purpose of which were to have the claim and judgment theretofore allowed in favor of Marshall, set aside, alleging that her said claim and judgment were fictitious, false and fraudulent. In this proceeding the plaintiffs prevailed and the judgment in favor of Marshall was ultimately, and during the year 1914, set aside. Ozetta Marshall con-

tinued to administer the Aldrich estate, until sometime in the year 1918, when she removed to the state of Kansas, where she has since resided.   On December 31, 1921, the county court made an order removing Ozetta Marshall as the executrix of the estate, and on the 6th day of January, 1922, the court appointed Robert H. Kane, administrator, *de bonis non,* to complete the administration of the estate. On September 18, 1912, a contract was entered into between the Empire State Surety Company and the National Surety Company, defendant, by the terms. of which, defendant undertook and assumed certain designated risks of the Empire State Surety Company, the plaintiff's claiming that among those assumed, is the one involved in this controversy.   The defendants in error, as plaintiffs in the court below, and here so designated, brought this suit and obtained judgment in the trial court for the sum of $4,787.19, the contract between the Empire State Surety Company, and the National Surety Company, being the basis of the judgment.   The plaintiff in error, defendant in the court below, and here so designated, brings the case here for review.

This contract provides *inter alia:*   That the National Surety Company agreed to reinsure certain unexpired surety and fidelity bonds "for any default of the principals named in said bonds * * * occurring after four o'clock p. m. of the 22d day of August, 1912."

This contract contains a further provision that the National Surety Company should take the place of the Empire Company "as to all said unexpired bonds and all said unexpired policies in all respects with regard to all obligations therein and for loss thereunder, on which no written notice of claim was received by any of the officers of The Empire State Surety Company located at the Home Office in the City of New York, or * * * Denver, Colo."

Also the further provision that "The National Surety Company shall not be liable for any liability of The Empire State Surety Company except as expressly set forth herein."

Also the further provision that "upon none of the bonds and policies which have been or shall be tendered to the National Surety Company for reinsurance in accordance with the terms of this agreement has there been presented any written notice of claim to any of the officers of The Empire State Surety Company, located at its Home Office in the city of New York, or * * * any of its general agents, or branch office managers, located at * * * Denver, Colo., * * * or written notice of claim to any agent of the company prior to August 22d, 1912, at four o'clock p. m. * * * that there was no known default, claim or loss upon any of said bonds and policies by any officer of The Empire State Surety Company located as aforesaid."

The principal contention of defendant is that the bond in the Aldrich estate signed by the executrix and the Empire State Surety Company was not a risk included in the contract between the National Surety Company and the Empire State Surety Company. The defendant insists that if there were any default, claim, or loss, known to the representatives, officers, or general agents or branch office managers of the Empire State Surety Company, at the time of entering into the agreement, there could be no liability upon the part of the National Surety Company, because such default, claim, or loss, were expressly excepted and excluded from the agreement.

It appears from the evidence that Mr. Crank, an attorney, and brother-in-law of the executrix, discussed with Mr. Gemmill, then the local agent of the Empire State Surety Company, in Denver, and who, it appears was the attorney in fact for the company, and signed the bond of the executrix for the company, the particular claim made by the legatees, and informed Gemmill of the claim made against the executrix, and that the claim would be defeated; that later Mr. Crank gave a written statement of the claims made by the legatees as against the executrix in the case which they had brought to set aside the judgment, and as to the reasons why it was not a valid

claim, so that Mr. Gemmill might submit such statement to his head officers. This information was given to Gemmill in September, 1911, one year before the contract was entered into.

If the defendant became liable to the plaintiffs it was because of the contract which defendant entered into with the Empire State Surety Company, and it was not, by the terms of the agreement, to become liable upon any bond, even though specified in the schedule, if as to any such bond, there was a known default, claim, or loss, prior to August 22, 1912. This contract has once before been considered by this court. *People v. National Surety Co.,* 68 Colo. 231, 188 Pac. 653.

The uncontradicted evidence shows that the managing officer of the Empire State Surety Company, at Denver, knew of this claim asserted against the executrix, at the time of, and long before, the execution of the contract, and evidently the defendant did not. There was an entire lack of evidence that defendant had notice or knowledge of the existence of the claim at the time the contract was entered into, and it cannot be presumed that the defendant knowingly assumed a risk then in litigation.

The plaintiffs, however, claim that there was no default, claim, or loss, and could not be, until the court declared in favor of the legatees, and set aside the judgment obtained by Marshall, and not until she was ordered to account for the money, an order for distribution made, and disobeyed, and that all these things occurred long after the execution of the contract in question, in fact in May, 1918.

We cannot agree with plaintiffs' contention. The claim was made against the executrix and existed regardless of the outcome of the litigation. It cannot be questioned, of course, that the defendant had a right to limit its obligations in the contract which it signed. It had the right to provide in the contract that it would not become liable upon any bond, even though specified in the schedule, upon which there was a known default, claim, or loss, prior to

August 22, 1912. The plaintiffs cannot complain if they are required to bring themselves within the terms and provisions of a contract, but for the existence of which they could have no cause of action whatsoever against the defendant. The evidence clearly showing that the claim against the executrix existed, and was known to the Empire Company, at and long before the execution of the contract, and this knowledge not having been communicated to the defendant, we hold that the plaintiffs are bound . by the provisions in the contract and are not entitled to maintain this action.

The following cases sustain us: *Fireman's Fund Ins. Co. v. Aachen & Munich Fire Ins. Co.* 2 Cal. App. 690, 84 Pac. 253; *Southern Surety Co. v. Equitable Surety Co.,* 84 Okl. 23, 202 Pac. 295, 299; *Mutual Reserve Fund Life Ass'n v. Green* (Tex. Civ. App.) 109 S. W. 1131, 1133; *Hoffman v. North British & Merc. Ins. Co. of Edinburgh & London,* 70 N. Y. Supp. 106, 108 (104 N. Y. St. Rep.) ; *Sun Mutual Ins. Co. v. Ocean Insurance Co.,* 107 U. S. 485, 1 Sup. Ct. 582, 27 L. Ed. 337; *Spande v. Western Life Indemnity Co.,* 61 Or. 220, 117 Pac. 973, 122 Pac. 38.

Plaintiffs seem to claim that defendant's liability in this case was determined in the *People v. National Surety Co., supra.* The question here discussed was not there considered. In that case the sufficiency of the amended complaint was attacked by general demurrer, and the court stated that there seemed to be but one contention of the defendant that required consideration, and that was, that the contract between the two companies was a strict reinsurance agreement, one for indemnity only with the Empire Company, and the original assured had no right of action against the reinsurer. The court held that the complaint stated a cause of action against the defendant. Obviously the matters here involved could not have been, and were not, passed upon by this court in that case.

In view of the conclusions we have reached, it is unnecessary to pass upon the other questions presented.

The judgment of the lower court is reversed with directions to dismiss the action.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.