## EMPLOYERS' INDEMNITY CORPORATION et al. v. SOUTHWEST NAT. BANK.
### (No. 2057.)

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1927.

Rehearing Denied Nov. 23, 1927.

**1. Appeal and error ⬤⟳930(1)—Evidence and inferences therefrom, on appeal, will be viewed most favorably to appellee.**

On appeal from judgment, evidence and inferences properly to be drawn therefrom will be viewed in aspect most favorable to appellee.

**2. Indemnity ⬤⟳9(2)—Bond indemnifying party against "expense" incurred in suit held to cover attorney's fee paid by party to suit; "damage."**

Under bond providing that casualty company shall indemnify party to suit against all damage or expense by reason of suit, attorney's fee paid by party to suit was a "damage" and "expense" by reason of suit mentioned in bond which covered such item.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Damage—Damages; Expenses.]

**3. Indemnity ⬤⟳9(2)—Bond indemnifying party against expense incurred in suit held to cover attorney's fees incurred in suit to collect attorney's fees, paid in suit mentioned in bond.**

Under bond indemnifying party to suit for all damages and expense incurred on account of suit, expense of attorney's fees incurred in suit against principal and sureties on bond by party to recover attorney's fees, paid in suit mentioned in bond, *held* recoverable under bond.

**4. Indemnity ⬤⟳15(7)—Under bond indemnifying plaintiff against expense incurred in prior action, employment of attorney therein held necessary expense.**

In suit to recover attorney's fees under bond indemnifying plaintiff bank against all damage and expense incurred in prior action against bank on certificate of deposit, secured by bonds of indemnity company, evidence warranted finding that employment of attorney by plaintiff in prior action was a legitimate expense incurred by it.

**5. Indemnity ⬤⟳9(2)—Under bond indemnifying plaintiff against expense incurred in prior action, employment by principal on bond of attorney to represent all defendants did not preclude plaintiff from employing own attorney.**

In suit to recover attorney's fees under bond indemnifying plaintiff for damage and expense incurred in prior action, fact that principal on bond employed own attorney to represent all defendants did not deprive plaintiff of right to employ own counsel to protect it against adverse interest of some codefendants, and fact that principal's attorney as leading counsel was successful is immaterial to right of plaintiff to recover attorney's fees incurred.

**6. Insurance ⬤⟳679—Indemnity bond must have been listed in contract by company assuming specified obligations of principal and sureties under bond to hold such company liable therefor.**

Contract between indemnity companies whereby one company expressly assumed and agreed to pay and discharge obligations under outstanding policies and certain specified liabilities, thereby giving right of action to owner of any obligations mentioned therein against company assuming obligations, was not a mere contract of reinsurance, and bond indemnifying plaintiff against damage incurred in a suit, not being insurance policy, must have been shown to be liability listed in contract to be assumed thereby, and in absence of such proof company assuming obligations was not liable for expenses incurred under bond.

**7. Indemnity ⬤⟳15(6)—Company assuming obligations under indemnity bond could not be held liable on bond because corporations merged, where ground was not pleaded.**

In action to recover expenses incurred under bond indemnifying plaintiff against expenses in suit, liability of company assuming obligations under bond could not be based on ground that corporation signing bond had merged with it, where no such ground of liability was raised by pleadings.

**8. Insurance ⬤⟳683—To hold reinsurer for express assumption of obligations, liability must be within terms of assumption.**

Where reinsurer is sought to be held on ground of alleged express assumption of obligations, it must appear that liability sought to be enforced was within terms of assumption.

**9. Appeal and error ⬤⟳1173(1)—Error in rendering judgment against company assuming obligations under indemnity bond, but not included in obligations assumed, did not affect entire judgment so as to require reversal as to all defendants.**

In action for expenses incurred under bond indemnifying plaintiff for all damage and expenses by reason of suit, brought against principal and surety under bond and against indemnity company agreeing to discharge obligations of principal and surety, error in rendering judgment against company assuming obligations, which did not include obligation under bond sought to be enforced, affected only judgment against such company, and did not require a reversal as to all defendants; issues in case being severable.

### On Rehearing.

**10. Contracts ⬤⟳346(12)—Plaintiff suing on express contract cannot recover on implied contract.**

In action on express contract, plaintiff cannot recover on proof of an implied contract.

**11. Insurance ⬤⟳686—Allegation that defendant reinsured obligation under indemnity bond sought to be enforced declared on express contract, precluding recovery on implied contract.**

In suit on bond indemnifying plaintiff for all damage and expenses incurred in prior ac-

tion, brought against principal and surety on bond and company assuming all its obligations, allegation that company assuming obligations reinsured obligations of bond sought to be enforced was declaration on an express contract precluding recovery on implied contract growing out of merger of indemnity companies, and fact that plaintiff alleged terms of reinsurance contract were unknown to it, but known to all defendants, is immaterial.

**12. Insurance ⟺2—Statutes authorizing creation of surety and trust companies and prescribing their powers held not to define insurance policies (Rev. St. 1925, arts. 4969, 4989).**

Rev. St. 1925, arts. 4969, 4989, do not undertake to define what shall be considered policies of insurance, but authorize creation of surety and trust companies and general casualty company and prescribe their powers.

**13. Insurance ⟺679—Bond indemnifying bank against loss by suit held contract of suretyship, not of insurance, as against reinsurer of principal and surety on bond.**

Bond whereby principal and surety agreed to indemnify bank against loss, etc., by reason or on account of suit or cause of action, was contract of suretyship, and not a contract of insurance, as against company reinsuring policies of principal and surety under bond and assuming other specified obligations.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the Southwest National Bank against the Employers' Indemnity Corporation and others. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed and remanded in part.

Collins & Houston and Lewis T. Carpenter, all of Dallas, for appellants.

Touchstone, Wight, Gormley & Price and Thomas & Storey, all of Dallas, for appellee.

HIGGINS, J. This suit was brought by appellee against Western Indemnity Company, Western Casualty & Guaranty Company, and Employers' Indemnity Corporation. For brevity, the defendants will be designated, respectively, as the Western Company, the Casualty Company, and the Employers' Corporation.

[1] The action was to recover the sums of $5,000 and $500, paid out by appellees as attorney's fees under circumstances now to be stated. Under the settled rule, the evidence and the inferences properly to be drawn therefrom will be viewed in the aspect most favorable to appellee.

October 11, 1912, the Commonwealth National Bank of Dallas, Tex., at the instance of the Casualty Company, issued its certificate of deposit in favor of what will be hereinafter designated as the French Bank, for $100,000, signed by its cashier, R. P. Wofford, and two days later the Commonwealth Bank, by its president, J. W. Wright, cabled the French Bank certifying to such deposit. In fact, no

such deposit had been made, and to secure the Commonwealth Bank against such certificate the Casualty Company deposited with the Commonwealth Bank 200 gold bonds for $1,000 each, secured by deed of trust on land in Dallas.

By process not necessary to detail, the Security National Bank of Dallas succeeded to the liability and rights of the Commonwealth Bank in the premises, and appellee in turn has succeeded to the liability and rights of the Security Bank.

On October 10, 1914, the French Bank (Credit Foncier Des Etats Unis) filed suit in the United States District Court at Dallas against Wright, Wofford, and the banks to recover said sum of $100,000. That suit was not disposed of until 1923, when it was determined in favor of the defendants.

On June 29, 1915, the Casualty Company, as principal, and the Western Company, as surety, executed and delivered a bond which provides:

"That whereas, the Western Casualty & Guaranty Company has heretofore hypothecated with the Security National Bank of Dallas 200 of those certain second mortgage lien 6 per cent. gold bonds, secured by a deed of trust of date March 30, 1912, to T. L. Camp, trustee, on those certain tracts or parcels of land (here follows description of land) for the purpose of indemnifying the said Security National Bank of Dallas against any loss or damage by reason of a certain suit or the cause of action therein involved, being No. 2815, styled 'Credit Foncier Des Etats Unis v. Commonwealth National Bank of Dallas et al., in the District Court of the United States for the Northern District of Texas, at Dallas'; and

"Whereas, the Western Casualty & Guaranty Company had requested the Security National Bank to allow it to substitute 1,000 shares of the capital stock of the Western Indemnity Company for the said 200—$1,000 bonds; and

"Whereas, the Security National Bank of Dallas has agreed to allow such substitution upon the delivery to it of a bond in the penal sum of $125,000, as herein conditioned:

"Now, therefore, know all men by these presents: That we, Western Casualty & Guaranty Company, as principal, and Western Indemnity Company, as surety, acknowledge ourselves firmly bound unto the Security National Bank of Dallas, it successors and assigns, in the penal sum of $125,000, conditioned that the said Western Casualty & Guaranty Company shall well and truly save and hold harmless and fully and completely indemnify the Security National Bank of Dallas, Tex., its successors and assigns, against all loss, damage, liability, expense, or costs, by reason or on account of the aforesaid suit, or the cause of action involved therein. That upon compliance with the said condition this bond shall become null and void, otherwise, it shall remain in full force and effect."

Appellee has succeeded to all of the rights of the obligee in said bond, the Security National Bank. As to that no point is made.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The Western Company disposed of all of its assets to the Employers' Corporation, and the former ceased to do business. At that time they entered into a contract, the pertinent terms of which read:

"This contract of insurance, made this 31st day of March, 1921, by and between Employers' Indemnity Corporation of Kansas City, Mo. (hereinafter called the Employers') and the Western Indemnity Company of Dallas, Tex. (hereinafter called the Western), witnesseth:

"Whereas, the Western desires to retire from the casualty insurance business and to liquidate its business, and for such purpose desires to relieve itself from its entire liabilities as computed and shown upon page 5 of the statement of the Western, filed with the Insurance Department of the state of Texas, plus all liability which has accrued subsequently to December 31, 1920; and

"Whereas, the Western desires the Employers' to assume and discharge said liabilities (except liability to stockholders) and to liquidate the insurance business of the Western; and

"Whereas, the Employers' is willing to assume such liabilities and pay the same upon the payment by (of) the Western to the Employers', as hereinafter provided:

"Now, therefore, this agreement, witnesseth:

"First. The Employers' does hereby reinsure and assume, all and singular, the outstanding policies of the Western covering all lines of insurance issued by the Western, and agrees to pay all losses accrued and unpaid, and all losses hereinafter arising within the effective period, under each and every such policy; and the Employers' further agrees to assume and discharge each and every other item of liability listed upon page 5, entitled 'V. Liabilities,' of the annual statement of the Western as of December 31, 1920, filed with the commissioner of banking and insurance of the state of Texas, save and except the item on line 49 of said page, entitled 'Capital paid up,' to the amount of $2,000,000 ($300,000); it being expressly understood that the liability of Employers' to the stockholders of the Western shall be only to pay over to said stockholders or to some trustee for their benefit, the balance remaining for disbursement to such stockholders under the terms of this agreement hereinafter expressed."

Subsequent to the termination of the litigation in 1923 of the suit in the federal court, the appellee paid to its attorneys therein, Leake & Henry, $5,000, for their fee, and upon refusal of defendants to pay same, brought this action to recover same, together with $500 attorney's fee paid to its attorney in the present litigation. It was agreed that the last-named fee was a reasonable charge for the service rendered.

Upon the trial but two issues were submitted. Appellants did not request the submission of additional issues. The jury found, first, it was necessary, under the facts and circumstances of the case, for the Security National Bank to employ the services of the firm of Leake & Henry in the federal court case; second, a reasonable attorney's fee for the services rendered the bank in the suit was $5,000. Judgment was rendered in favor of appellee for the amount sued for.

For convenience, the second proposition will be first considered. This is to the effect that plaintiff cannot recover because the attorney's fee expended in defending the suit in the federal court was not named among the things indemnified against by the bond.

[2] The language of the bond has been quoted above. The attorney's fee to Leake & Henry was a "damage" and "expense" to appellees by reason of and on account of the suit mentioned in the bond, and the bond clearly covered the same. Eller v. Erwin (Tex. Civ. App.) 265 S. W. 595; Cameron v. Barcus, 31 Tex. Civ. App. 46, 71 S. W. 423; Buffington v. Bronson, 61 Ohio St. 231, 56 N. E. 762.

[3] And the expense for attorney's fees incurred in the present suit resulted directly from the action in the federal court and is also recoverable under the bond. The evidence shows that immediately upon the filing of the suit in the federal court the bank employed Judge Henry, of the firm of Leake & Henry, to represent and defend the suit for it. About the same time the Casualty Company employed Mr. Ethridge, of the firm of Ethridge & McCormick, to defend the suit. Judge Henry regarded Wright and Wofford as liable over to the bank in case of recovery against the bank and was about to file a cross-action asking for such relief. At the suggestion of Mr. Ethridge, however, Judge Henry refrained from filing the cross-action, and they made a common defense agreeing to settle any differences between the defendants after the termination of the suit. Thereafter Mr. Ethridge acted as leading counsel, but Judge Henry continued actively in the defense in conjunction with Mr. Ethridge. Appellants' propositions, in large measure, are based upon a misconception of the facts shown by the evidence.

[4] In our opinion, the evidence abundantly warrants the view that the employment of Judge Henry by the bank for the defense of the suit was a necessary and wholly legitimate expense incurred by it. There is nothing to impugn the good faith of the bank, and that the amount of the fee paid is reasonable is not contested. Under such circumstances, the right of the bank to recover its attorney's fee is clear. 31 C. J. 436, and cases, supra.

[5] The fact that the Casualty Company for its own protection, and in the discharge of its duty to hold appellee harmless in the suit, employed Mr. Ethridge to represent all the defendants did not deprive the bank of its right to employ its own counsel to defend the suit for it and protect it against the adverse interest of some of its codefendants. There is nothing in this bond, nor the surrounding circumstances, to warrant the view that the bank was obligated to intrust its defense to

counsel employed to represent others, some of whose interests were adverse to it. That Mr. Ethridge, as leading counsel, was successful in the suit is wholly immaterial to the right of the bank to recover its attorney's fees.

None of appellants' propositions show error except the first, which affects only the right of the Employers' Corporation.

Appellee alleged that through a reinsurance contract the Western Company had reinsured the obligation of the bond with the Employers' Corporation, which assumed all the obligation of the bond and thereby became liable to the Security Bank and its successor, the plaintiff. In support of this allegation, the above contract of March 31, 1921, was offered in evidence.

[6] This contract is more than a mere contract of reinsurance for it expressly assumes and agrees to pay and discharge the obligations mentioned in the first section, thereby giving a right of action against the Employers' Corporation to the owner of any of the obligations mentioned in said section. The obligations assumed were losses on outstanding policies of insurance and the liabilities listed on page 5 of the statement filed as of December 31, 1920, with the commissioner of banking and insurance. The bond sued upon was not an insurance policy, and in order to show that it was one of the liabilities assumed by the contract it was necessary to show that it was one of the liabilities listed on page 5 of the statement. No such proof was made. Hence the assumption alleged was not proven, and the first proposition to that effect is well taken.

[7] The evidence shows that the Western Company has transferred all of its assets to the Employers' Corporation and ceased to do business. A technical consolidation of the two corporations was not shown, but rather a merger or absorption of the one by the other. The cases cited by appellee holding a corporation liable for the debts of another corporation merged with it have no application for no such ground of liability is raised by the pleadings.

[8] Nor have those cases any application which hold that, in contracts of reinsurance by which the reinsurer assumes liability for losses and agrees to pay same, the holder of a policy may sue the reinsurer and obtain judgment for a loss sustained. That is not the question here presented. Under the contract declared upon, there is no doubt of appellee's right to sue the Employers' Corporation if the bond was one of the Western Company's obligations assumed by the Employers' Corporation. Ins. Co. v. Lovejoy (Tex. Civ. App.) 149 S. W. 398, and cases cited in note, Ann. Cas. 1914A, 1145. But when a reinsurer is sought to be held on the ground of an alleged express assumption, it must appear that the liability sought to be enforced was within the terms of the assumption. Olsen v. Ins. Co.,

11 Tex. Civ. App. 371, 32 S. W. 446; Mutual, etc., v. Green (Tex. Civ. App.) 109 S. W. 1131; National, etc., v. People, 75 Colo. 271, 225 P. 851, and cases cited.

[9] This error affects only the judgment against the Employers' Corporation, and the issues in the case are severable.

It is therefore ordered that the judgment be reversed and the cause remanded as to the Employers' Corporation and affirmed as to the other defendants.

Affirmed in part; reversed and remanded in part.

### On Rehearing.

The pleading of appellee as fixing the liability of the Employers' Corporation is as follows:

"That through a reinsurance contract, the terms of which are not known to this plaintiff, but which are known to all the defendants, the Western Indemnity Company has reinsured the obligation of the said bond with the Employers' Indemnity Corporation, which company has assumed all the obligations of the said bond and has thereby become liable to the Security National Bank and this plaintiff as its successor under the terms of the said bond."

Appellee asserts this is sufficient to support a recovery against the Employers' because the evidence shows it took over all of the assets of the Western Company and therefore must be held, as a matter of law, to have assumed all of the liabilities of the Western Company, under the authority of Insurance Co. v. Lovejoy (Tex. Civ. App.) 149 S. W. 398, and other cases of like nature where there was a merger of corporations.

[10] It is hardly necessary to cite authority in support of the settled rule that, in an action upon an express contract, the plaintiff cannot recover upon proof of an implied contract. Some of the many cases so holding are cited in 13 Michie's Digest, 1176, 1177. In the Lovejoy Case the plaintiff declared upon an express contract, and in the alternative alleged a merger of the two corporations and absorption of the one by the other. There was no question in that case of the sufficiency of the pleadings to support a recovery upon the implied contract to pay arising upon the merger.

[11] The fact that appellee alleged that the terms of the reinsurance contract were unknown to it, but known to all of the defendants, has no bearing upon the question here presented. The quoted portion of the pleading is clearly a declaration upon an express contract. There is no hint in the petition of an implied obligation to pay arising out of a merger. The contract offered in support of the allegation was certainly an express contract.

[12] Under the contract, the Employers' reinsured and assumed all outstanding policies of the Western covering all lines of insurance issued by the latter, and it is further asserted

by appellee that the bond of June 29, 1915, was an outstanding policy of insurance perforce of articles 4969 and 4989, R. S. These provisions of the statutes do not undertake to define what shall be considered policies of insurance. They authorize the creation of surety and trust companies and general casualty company and prescribe their powers.

[13] The bond of June 29, 1915, was not an insurance contract, but was simply a contract on the part of the Western Company, as principal, and the Employers', as surety, to indemnify the Security National Bank against loss, etc., by reason or on account of the suit in the federal court or the cause of action therein. So far as the Employers' is concerned, it was an ordinary contract of suretyship, and not in any sense a contract of insurance as the latter contracts are generally understood and defined.

The motion for rehearing is overruled.

Appellants' motion for rehearing is also overruled without comment.