## SINK et al. v. WACO MUT. LIFE & ACCIDENT ASS'N et al.

### No. 1168.

Court of Civil Appeals of Texas. Waco.
April 21, 1932.

Rehearing Denied May 19, 1932.

J. W. Thomas, of Belton, and Tirey & Tirey, of Waco, for appellants.

W. L. Eason and Bryan & Maxwell, all of Waco, for appellees.

BARCUS, J.

Appellant Mrs. Sink, for herself and minor daughter, instituted this suit against appellee insurance company to recover the proceeds of two insurance policies issued on the life of her deceased husband, J. A. Earp. The insurance company issued two policies on the life of J. A. Earp, one payable to J. C. Tate and one to James R. Tate. Mr. Earp died about December 23, 1926, intestate, leaving as his sole heirs the appellants. There was no administration on Earp's estate and there was no necessity therefor. After his death, but before this cause was tried, Mrs. Earp intermarried with Mr. Sink. The insurance company is a mutual association and a call was issued on the two policies and there was paid, on the one payable to J. C. Tate, $784, and on the one payable to J. R. Tate, $540.

On February 1, 1927, J. R. Tate wrote Mrs. Earp and told her that the insurance company had notified him that she had refused to sign an order authorizing the company to pay him the proceeds of the policy and that he was returning the order to her to be signed, and that if she did not sign it the company would not pay any one the money; that if she would sign, he would take the money and pay Mr. Earp's debts and then, per his agreement with Mr. Earp, give her one-half of what was left. On February 7th, the insurance association wrote Mrs. Earp that it was ready to pay the J. C. Tate policy and would be ready to pay the J. R. Tate policy in about two weeks, and stated: "However, some adjustment must be had between you and Mr. Tate. Our records show Mr. Tate to be the beneficiary and unless you and he adjust your differences, then we will have to file an interpleader and let the court decide who should have the money."

In connection with the above letters, an order was inclosed for Mrs. Earp to sign which authorized the insurance company to pay J. C. Tate and J. R. Tate the proceeds of the two policies. Mrs. Earp, now Mrs. Sink, received the letters, together with the order for her to sign; but she refused to sign the order and returned it unsigned. On February 12th, J. C. Tate and J. R. Tate executed an indemnity bond to the insurance company and it then paid to J. C. Tate and J. R. Tate the proceeds of the respective policies. At the time the insurance company paid the policies it knew that Mr. Earp had left a minor child and knew that J. C. Tate and J. R. Tate were no relation, either by blood or marriage, to Mr. Earp. Mrs. Earp, for herself and minor child, seeks to recover from the insurance company the proceeds of said policies, and also asks for judgment against J. C. Tate, J. R. Tate, and their bondsmen, Bertha Arnold and W. N. Barlow, on the indemnity bond. The insurance company, by cross-action, asked for judgment over against the Tates and their bondsmen for any amount Mrs. Earp Sink might recover against it.

In answer to special issues, the jury found, among other things, that the insurance company mailed to Mrs. Sink the letter of February 7th advising her that if she and Tate did not adjust their differences it would file an interpleader in the court to determine to whom the money should be paid; that Mrs. Earp Sink received the letter; that Mrs. Sink did not rely on the representations made in

the letter; that Mrs. Sink told Mrs. Bradley, the agent of the insurance company, to pay the proceeds of the policies to the Tates; that Earp owed J. C. Tate $179.15 and owed J. R. Tate $64.80. Based on said findings, the trial court entered judgment denying Mrs. Sink any recovery on the policies against the insurance company, but awarded her judgment against J. C. Tate for $719.20. J. R. Tate, during the pendency of the suit, died and he was dismissed on the representation that his estate was totally insolvent.

█ Appellants contend that under the undisputed facts, the trial court erroneously entered judgment denying them a recovery against the insurance company for the proceeds of the policy, less the indebtedness which the jury found Mr. Earp owed J. C. and J. R. Tate. We sustain this contention. While the jury found that Mrs. Sink told the insurance company to pay the Tates the proceeds of the policies, the issue as submitted did not ask the jury to determine when this order had been given by Mrs. Sink. The overwhelming testimony indicates that this authorization, if given at all by Mrs. Sink, was given early in January, and that thereafter both Mr. Tate and the insurance company had tried to get her to sign a written order authorizing the insurance company to pay the money to the Tates and that she had refused to sign said order. The record shows that the insurance company had actual knowledge that Mr. Earp left surviving him a minor child. Mrs. Sink could not by any order, either oral or written, dispose of the interest the minor child had in the policies.

Appellees contend that the insurance company in no event is liable to appellants because it paid the policies to the named beneficiaries therein, and that the sureties on the bond of Tates would not be liable because the insurance company was not liable. These contentions, we think, have been determined adversely to appellees' contention in the case of Manhattan Life Ins. Co. v. Cohen (Tex. Civ. App.) 139 S. W. 51 (error ref.), and writ of certiorari dismissed by the Supreme Court of the United States, 234 U. S. 123, 34 S. Ct. 875, 58 L. Ed. 1245. In the Cohen Case, supra, the court held that an insurance company could not relieve itself from liability by paying a policy to the named beneficiary where it knew at said time that some one else was claiming the proceeds thereof adversely to the named beneficiary. In the case at bar, admittedly J. C. Tate and J. R. Tate had no insurable interest in the life of Mr. Earp over and above the amount which he owed them at the time of his death. Under the jury's findings the amount of said debts was a very small portion of the amount due on the policies. The insurance company, in order to protect itself, took an indemnity bond from J. C.

and J. R. Tate, thereby admitting in effect that it knew there were adverse claimants to said fund.

█ In the case of Cameron v. Barcus, 31 Tex. Civ. App. 46, 71 S. W. 423, the court held that where an insurance company paid a policy to the named beneficiary, with notice that others were claiming the proceeds thereof, it did so at its peril, and that where it took an indemnity bond from the named beneficiary upon payment, it was entitled in the same suit to judgment over against said bondsmen for any sum that it was held liable for to those who were entitled to the proceeds of the policy.

The judgment of the trial court is reversed, and the cause remanded.