GIRARD FIRE & MARINE INS. CO. v.
KOENIGSBERG et al.
No. 11335.

Court of Civil Appeals of Texas. Dallas.
Nov. 4, 1933.

Rehearing Denied Dec. 2, 1933.

784

E. G. Senter, of Dallas, for plaintiff in error.

Touchstone, Wight, Gormley & Price and Philip L. Kelton, all of Dallas, for defendants in error.

BOND, Justice.

Girard Fire & Marine Insurance Company, herein called "Insurance Company," instituted suit against S. Koenigsberg and Fannie B. Reinhardt, executrix of the estate of Louis B. Reinhardt, deceased, on an indemnity contract, to recover $700 paid to its attorney for defending a suit involving the proceeds of a fire insurance policy. The insurance policy was issued to a Mrs. Wilmans, in favor of herself as owner and the Dallas Building & Loan Association, mortgagee, covering a house in Oak Cliff. The insured property was sold by Mrs. Wilmans to Koenigsberg, and thereafter the insurance company executed an assignment of the policy to the purchaser; subsequently there was a fire. The insurance company adjusted the amount of loss, and caused its draft to issue in the sum of $3,500, payable jointly to the order of Mrs. Wilmans, Dallas Building & Loan Association, and S. Koenigsberg. Mrs. Wilmans, declining to accept the adjustment, refused to assign the draft over to the loan association, and instituted suit against Koenigsberg, the loan association, and the insurance company, to cancel the conveyance of the property and to recover $7,000, the face value of the policy. Koenigsberg immediately negotiated for payment of the amount of the loss to the loan association, as mortgagee, and executed an indemnity contract with Louis Reinhardt, as surety, to refund all loss or damage and all attorney's fee incurred by the insurance company, arising out of the Wilmans litigation. The salient features of the liability covenant, pertinent here, are as follows: "That said S. Koenigsberg will repay and refund to the said Insurance Company all costs, including attorney's fee, that it may incur in the defense of any suit or suits brought to enforce any such claim against said Insurance Company by the said Edith Wilmans, or by anyone claiming under her." The insurance company turned the matter of defense of the suit instituted by Mrs. Wilmans over to its regularly retained attorney, paying him for such services his regular fee of 10 per cent. of the face of the policy.

Prior to, and at the time of, the execution of the indemnity contract, I. Reinhardt & Son was the general and local agent for the insurance company, executed the policy to Mrs. Wilmans and the assignment to Koenigsberg, attended to the proof and adjustment of the loss by fire, furnishing all necessary blanks and labor for that purpose, made the contract of employment with the attorney to represent the insurance company in the Wilmans suit, and arranged the amount of attorney's fee to be retained by him. Louis Reinhardt was the sole owner of I. Reinhardt & Son agency, and personally superintended the negotiation for the pay-

ment of the $3,500 to the loan association and the execution of the indemnity contract. In 1926, I. Reinhardt & Son ceased to represent the insurance company as general agent, and was only retained as its local agent, with such limited power and authority incident to such agencies.

On November 3, 1927, the Wilmans suit was terminated favorably to the insurance company; soon thereafter, I. Reinhardt & Son mailed to S. Koenigsberg a notice for $25, stating that it was "for attorney's fee on Oak Cliff fire," and, in response thereto, on March 15, 1928, Koenigsberg paid the $25 to I. Reinhardt & Son.

Louis Reinhardt died prior to the institution of this suit, and his executrix was made party defendant.

The case was tried to a jury and, in response to its findings—to the effect that, under the terms of the indemnity contract, the $25 paid by Koenigsberg was accepted by I. Reinhardt & Son in full satisfaction of the claim for attorney's fee, and that they were at the time acting within the apparent scope of their authority—judgment was rendered for defendants.

■ The record discloses that, at the time demand was made on Koenigsberg for payment of the $25, I. Reinhardt & Son was not the general agent of the insurance company, was not clothed with authority to make settlement of the indemnity contract, and that their authority was limited to that of a local fire insurance agency. Whatever apparent right the defendants acquired, by virtue of the payment of the bill rendered by I. Reinhardt & Son "for attorney's fee on Oak Cliff fire," same must necessarily be based on the theory of apparent or implied authority of I. Reinhardt & Son, arising out of prior acts of the insurance company, amounting to an estoppel. The insurance company's dealings with I. Reinhardt & Son, in reference to the policy, fire loss, and indemnity contract, occurred in 1925, and the attorney's fee, the subject of this litigation, was paid in 1927. In the interim, the general agency of I. Reinhardt & Son with the insurance company terminated, and with it the authority to deal with Koenigsberg, touching the matters from which this controversy arose, was delegated to another, of which Koenigsberg and his surety, Louis Reinhardt (in care of I. Reinhardt & Son), were jointly advised by letter dated November 8, 1926, that: "The claim as to the Insurance Company was referred to us, and we have filed an answer to the pleading of Mrs. Wilmans. We have advised the company that, under the admitted facts, we do not think that there is any liability upon its part to Mrs. Wilmans, and that we believe the demurrers to her claim, which we have filed on behalf of the company, will be sustained by the court. We are instructed, however, to say that the company will stand upon

the bond of indemnity, above referred to, to indemnify it against any possible loss which may accrue as against it, including attorney's fees. This is written for your information as to the attitude of the company." Can it be said, under such conditions, that a person of ordinary prudence would be led to believe that Louis Reinhardt, or I. Reinhardt & Son, had apparent or implied authority to adjust or compromise the attorney's fee; on the other hand, could it have been reasonably anticipated by obligee, in the exercise of ordinary prudence, that its local agent would attempt to act in matters clearly beyond the scope of their employment, and, under such circumstance, was the insurance company guilty of a breach of duty in failing to give notice to the obligors, that its local agent had no such authority? We think not. No such apparent or implied authority is shown in I. Reinhardt & Son, and the act of its local agent in accepting the $25 was not within the scope of their employment.

■ Plaintiff in error contends that the attorney's fee recoverable under the terms of the indemnity contract is the amount paid to its attorney, irrespective of whether that amount is reasonable or unreasonable. We do not interpret the contract as to so extend such liability. In general, provisions for attorney's fee, of the kind mentioned in the contract, are regarded as contracts for indemnity only, and hence, as a rule, the obligee is entitled to collect only such an amount as is fair and reasonable compensation for the services rendered by the attorney. Unless otherwise stated, a reasonable attorney's fee is implied in all contracts of indemnity. Where the parties do not expressly agree as to the amount, the law raises a promise to pay that which is reasonable. Cameron v. Barcus, 31 Tex. Civ. App. 46, 71 S. W. 423; Eller v. Erwin (Tex. Civ. App.) 265 S. W. 595, 597; Employers' Indem. Corp. v. Southwest Nat. Bank (Tex. Civ. App.) 299 S. W. 676; Id. (Tex. Com. App.) 12 S.W.(2d) 189. Recognizing this rule of law, in the instant case, the trial court submitted to the jury the issue, raised by the pleadings and fairly supported by evidence, on reasonable attorney's fee, and the jury, in response thereto, found the amount to be $200.

■ Plaintiff in error further contends that the issue submitted and the verdict of the jury, in effect, impair the obligation of the contract of indemnity to pay all attorney's fees incurred by it, that Louis Reinhardt, the indemnitor's surety, knew of the dealings between the insurance company and its attorney, and that such knowledge of said surety is imputed to the principal indemnitor. The record discloses that the company's attorney was regularly employed on a retainer of 10 per cent. of all amounts in litigation, where the insurance company was a party, and that Louis Reinhardt knew of such agree-

ment. Reinhardt, being a surety on the indemnity bond, was only secondarily liable for the payment of the attorney's fee, his knowledge of the agreement between the insurance company and its regular attorney was personal to him, and such is not imputable to the principal obligor. A contract of suretyship is an accessory agreement, in the nature of a collateral engagement to pay the principal's obligations. Being an accessory to the obligation of the principal obligor, it is essential that there be a valid obligation of the principal, and the nullity of the principal's obligation necessarily induces the nullity of the accessory. Unless a cause of action exists against the principal, it cannot exist against the surety. The extent of the principal indemnitor's liability determines the liability of the surety. Thus Koenigsberg's liability is based on the written contract and is measured and limited by its terms. Whatever be the covenants of the pre-existing contract of the insurance company with its attorney, as to fees, it cannot be binding on the principal obligor, in absence of knowledge to him, and arising out of a contract not fairly within the provisions of the written agreement. The contract specifies no certain attorney or the amount of fee to be paid; it left the selection to the insurance company, and as to whether such selection would be from its regular attorneys or some other attorney is, by the terms of the agreement, left to conjecture, and the amount to be paid for such services to be determined by the law imposing a fee that is fair and reasonable, to be ascertained by a court or jury. The verdict of the jury is binding on the trial court, and cannot be disturbed on appeal.

Manifestly, Koenigsberg paid the $25 on the covenant to pay the reasonable attorney's fee incurred by the insurance company on the happening of the anticipated event mentioned in the contract, i. e., the suit of Edith Wilmans, and not for any past services, which might have been rendered by the attorney to the insurance company. The indemnity contract does not bear evidence of an obligation to pay attorney's fees for services other than that mentioned in the contract, and the payment of the $25 to the unauthorized agent of the insurance company "for attorney's fees on Oak Cliff fire" must be presumed, in the absence of proof to the contrary, to have been, in turn, paid to the insurance company. Thus defendants in error should be allowed credit on the attorney's fee obligated.

We have considered all of the assignments and propositions anent thereto urged by plaintiff in error, and they are expressly overruled.

We therefore conclude that, under the findings of the jury, the undisputed evidence, and the interpretation which we have placed on the indemnity contract, the trial court was not authorized to render judgment for defendants in error, and that judgment should have been rendered for the insurance company for the sum of $200, a reasonable attorney's fee found by the jury, less the $25 paid, making a total of $175; therefore the judgment of the lower court is reversed, and judgment here rendered in favor of plaintiff in error against defendants in error, S. Koenigsberg as principal and Fannie B. Reinhardt, executrix, as surety, for the sum of $175. Costs of this appeal are taxed against defendants in error.

Reversed and rendered.