## OLD LINCOLN COUNTY MUT. FIRE INS. CO. v. JUSTICE COUNTY MUT. INS. CO.

### No. 6102.

Court of Civil Appeals of Texas.
Amarillo.

Jan. 8, 1951.

Chaney & Davenport, Dallas, for appellant.

Palmer & Rochelle, Dallas, for appellee.

PITTS, Chief Justice.

This is a suit for the recovery of $1000, based upon a reinsurance contract, filed by appellant, Old Lincoln County Mutual Fire Insurance Company, against the reinsurer, appellee, Justice County Mutual Insurance Company. Both companies have home offices in Dallas County. The contract in question was executed by the parties on July 15, 1947 whereby appellee agreed to reinsure risks for appellant under the terms stipulated in the contract. Thereafter in 1948 appellant issued policies totaling the sum of $4000 covering property owned by R. A. Brown and called upon appellee to reinsure $1000 of it under the terms of the contract which was done. Thereafter on August 25, 1948, a total loss of the Brown property occurred by reason of fire and appellant paid the insured the full amount of $4000. Appellant then presented a claim for $1000 to appellee, which denied liability under the terms of their contract and this suit was the result. The case was tried to the court without a jury and a "take nothing" judgment was rendered against appellant and for appellee from which appellant perfected its appeal to the Court of Civil Appeals at Dallas and the same was transferred to this court by order of the Supreme Court.

Appellant predicates its appeal upon two points of error contending, in effect, that it should recover notwithstanding the fact it had insured the property in question in violation of the following "exclusive" provision of their contract: "* * * and in no event shall this agreement cover any risks not authorized by statutes governing county mutual insurance companies in the State of Texas." Appellant has pleaded the contract in question as a basis for recovery. If it recovers it must do so under the terms of the contract. In order to avoid liability

appellee relies upon the failure of appellant to observe the terms of the contract and upon appellant's concealment and further failure to disclose to appellee, until after the loss occurred, the fact that it had accepted and insured a risk prohibited by the terms of the contract and not authorized by law.

At the request of appellant the trial court filed its. findings of fact and conclusions of law. Its findings of fact are not challenged but they are accepted by both parties. The trial court found, in effect, that the contract in question was executed; that appellant issued the policies to Brown totaling $4000 covering a roadhouse and a public dance hall located on a highway 5½ miles from Conroe, Texas, and that appellant's general agent knew that the policies were to be issued on a roadhouse and a public dance hall; that appellee reinsured the risk to the extent of $1000 without knowing until after the loss occurred it covered a roadhouse and public dance hall which violated the terms of the contract; that Brown suffered a total loss of his property by reason of fire and appellant paid the claim in full and thereafter called on appellee for indemnity in the sum of $1000 which sum appellee refused to pay on the grounds that appellant, by insuring Brown's property, had violated Article 5 of the contract; that said Article 5 contains the following provision: "The following risks and/or classes of risks are excluded from reinsurance under this agreement * * * and in no event shall this agreement cover any risk not authorized by statutes governing county mutual insurance companies in the State of Texas"; that appellant's general agent knew at the time Brown's property was insured that it was not insurable by appellant's company under the law but that such facts were not known to appellee until after the loss was sustained; and that appellee had tendered into court the return premium due on the reinsurance policies. As a result of the facts presented the trial court concluded as a matter of law that appellee was not liable to appellant under the terms of the reinsurance contract.

County mutual insurance companies are governed in the type of insurance which they may write by the provisions of Article 4860a–20, Vernon's Annotated Civil Statutes, and this Article does not authorize such companies to insure the kind and character of property owned by Brown and covered by the terms of appellant's policy. Section 20 of the said Article provides that no county mutual insurance company shall write or assume the reinsurance on any property other than that it is authorized by law to insure and that the reinsurer shall be liable only under the terms of its contract and in accordance with the provisions of the law.

Article 5 of the contract between the parties provides that "in no event shall this agreement cover any risk" not authorized by law, which when properly construed means that under no circumstances will this contract cover any risk not authorized by law. It was held in the case of Commercial Standard Ins. Co. v. Fidelity Union Ins. Co., Tex.Civ.App., 157 S.W.2d 663, that the liability in such cases must be shown to be within the terms of the assumption contract. In the case of Employers' Indemnity Corporation v. Southwest Nat. Bank, Tex.Civ. App., 299 S.W. 676, reversed for other reasons, Tex.Com.App., 12 S.W.2d 189, it was held that the liability sought to be enforced in a case such as this must be within the terms of assumption before the reinsurer can be held liable. In the case at bar the contrary is expressed within the terms of the contract.

The trial court found and concluded that the terms of the contract pleaded by appellant and upon which it relies for recovery clearly excludes and exempts appellee from liability under the facts and according to the law governing such matters. After a careful examination of the record and the briefs it is our opinion that the trial court is correct in its application of the law to the facts presented and appellant's points to the contrary are overruled. The judgment of the trial court is affirmed.