**AFFIRM; and Opinion Filed January 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00667-CV

**BASIC ENERGY SERVICES, L.P., Appellant**

**V.**

**EXCO RESOURCES, INC., EXCO SERVICES, INC., EXCO OPERATING COMPANY, L.P., EXCO OPERATING COMPANY, L.P. FORMERLY KNOWN AS EXCO PARTNERS OPERATING PARTNERSHIP, L.P., EXCO OPERATING COMPANY, L.P. DOING BUSINESS AS EXCO PARTNERS OPERATING PTSH, L.P., SUPERIOR ENERGY SERVICES, L.L.C., SUPERIOR ENERGY SERVICES, INC., WARRIOR ENERGY SERVICES CORPORATION, TEXAS CES, INC., HALLIBURTON ENERGY SERVICES, INC., CHILDRESS FISHING & RENTAL SERVICES, INC., WEATHERFORD U.S., L.P., BENOIT MACHINE, INC., SMITH INTERNATIONAL, INC., AND THOMAS ENERGY SERVICES, LLC, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-07735-E**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Basic Energy Services, L.P. ("Basic") appeals the trial court's grant of summary judgment

in favor of appellees[1] on their claims that Basic owed a duty to defend and indemnify each appellee

---

[1] Appellees are as follows:

1) EXCO Resources, Inc.; EXCO Services, Inc.; EXCO Operating Company, L.P.; EXCO Operating Company, L.P. formerly known as EXCO Partners Operating Partnership, L.P.; EXCO Operating Company, L.P. doing business as EXCO Partners Operating PTSH, L.P. (collectively, "EXCO");

2) Superior Energy Services, L.L.C.; Superior Energy Services, Inc.; Warrior Energy Services Corporation; and Texas CES, Inc. (collectively, "Superior/CES");

3) Halliburton Energy Services, Inc. ("Halliburton");

pursuant to a Master Service and Supply Agreement ("MSA") between Basic and EXCO. In its first set of issues, Basic argues the trial court erred in imposing defense and indemnity obligations on Basic because the trial court erred in its construction of terms and language in the MSA. Basic also argues the trial court erred in granting summary judgment on appellees' claims for attorney's fees because questions of material fact existed and because Basic had no duty to defend claims that did not fall within the scope of the MSA. Finally, Basic argues that even if underlying defense fees were authorized for the non-EXCO appellees, the trial court erred in awarding attorney's fees for separate contractual claims against EXCO because the defense obligations did not extend to extra-contractual claims. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## FACTUAL & PROCEDURAL BACKGROUND

In November 2010, Pablo Rosas, an employee of Basic, died at an oil well site. The following year, Mr. Rosas's family members (collectively, "Rosas Plaintiffs"), on behalf of themselves and Mr. Rosas's estate, filed claims against Basic, appellees, and other entities not a part of this appeal under state survival and wrongful death statutes ("the Rosas lawsuit"). The Rosas Plaintiffs alleged the oil well at which Mr. Rosas was working "suffered a catastrophic failure that caused a metal tubing to be propelled into the air" that fell back to the ground and struck Mr. Rosas, "thereby causing his death." The Rosas Plaintiffs further alleged that Basic, EXCO, and the non-EXCO appellees committed certain acts, omissions, or both that constituted negligence and were a proximate cause of their and Mr. Rosas's injuries and damages. EXCO and

---

4) Childress Fishing & Rental Services, Inc. ("Childress");

5) Weatherford U.S., L.P. ("Weatherford");

6) Benoit Machine, Inc. ("Benoit"); and

7) Smith International, Inc. and Thomas Energy Services, LLC ("Smith/Thomas").

Superior/CES, Halliburton, Childress, Weatherford, Benoit, and Smith/Thomas will be referred to collectively as "the non-EXCO appellees."

some of the non-EXCO appellees tendered the Rosas lawsuit to Basic and requested a defense and indemnity as to same under the MSA. Basic eventually accepted these tenders.

In 2013, because EXCO interpreted many communications from Basic and its insurance carriers as renouncing Basic's contractual defense and indemnity obligations, EXCO filed a cross-action against Basic, seeking to compel Basic to comply with its obligations under the MSA.[2] Basic responded that "there are no contractual agreements existing between Basic Energy and [EXCO] that require Basic Energy to assume a defense for or indemnify [EXCO] or [EXCO's] Contractors or subcontractors." EXCO then moved for summary judgment on its claim that Basic was contractually obliged to provide for the defense and indemnification of the EXCO Contractor Group as to the Rosas lawsuit.[3] After Basic's response and a hearing, the trial court signed an interlocutory order granting EXCO's motion for summary judgment and finding

> Basic is contractually obligated to defend . . . [and] . . . indemnify EXCO [and] the EXCO Contractors in and as to this action as to the claims asserted against them by Rosas; [and] . . . to reimburse EXCO and the EXCO Contractors for any and all necessary and reasonable attorney's fees defense costs and expenses incurred in defending against [the Rosas lawsuit].

In January 2014, the trial court ordered all of the parties in the Rosas lawsuit to participate in mediation, during which the Rosas Plaintiffs agreed to settle their claims against Basic, the appellees, and other entities that are not parties to this appeal for $985,000 ("Rosas Settlement"). Thereafter, in conjunction with the Rosas Settlement, the trial court in the Rosas lawsuit signed a partial final judgment, disposing of all of the Rosas Plaintiffs' claims against Basic and appellees.[4]

---

[2] The non-EXCO appellees filed similar actions in 2013 and early 2014.

[3] Non-EXCO appellees Superior/CES and Weatherford filed briefing with the trial court in support of EXCO's motion for summary judgment.

[4] Those parties not a part of this appeal were disposed of by another summary judgment or dismissal order not at issue in this appeal.

Basic filed a motion to reconsider the trial court's interlocutory summary judgment order. EXCO and most of the non-EXCO appellees filed responses to Basic's motion. After conducting a hearing, the trial court entered an order denying Basic's motion for reconsideration.

All of the appellees filed a supplemental motion for summary judgment against Basic, in which they sought to recover their attorney's fees and other fees, costs, and expenses as a result of the Rosas Plaintiffs' claims and the litigation expenses they incurred pursuing and prosecuting their claims for defense and indemnity against Basic, as well as for the non-EXCO appellees' claims against EXCO. Basic responded and objected to the evidence appellees offered in support of their supplemental summary judgment motion. Appellees filed a reply brief and objections to Basic's proffered summary judgment evidence.

On January 30, 2015, the trial court conducted a hearing on the supplemental motion for summary judgment. On March 6, 2015, the trial court signed a final judgment that granted the following relief:

- Appellees' supplemental summary judgment motion was granted in all respects;

- Basic was contractually obliged to appellee Childress in the amount of, and reimburse Childress for the, $10,000.00 paid as part of the settlement of the claims of the Rosas Plaintiffs;

- Basic was contractually obliged to defend and indemnify the non-EXCO appellees in the instant litigation and as to claims of the Rosas Plaintiffs based on the companies' intended third-party beneficiary status under the MSA;

- Appellees were entitled to recover from Basic any and all attorney's fees, litigation expenses, and court costs incurred by them and arising from the claims of the Rosas Plaintiffs or incurred in the instant litigation, including, but not limited to, those fees, costs, and expenses incurred defending against the claims of the Rosas Plaintiffs and pursuing contractual defense or indemnity from Basic or EXCO;

- Based on the operative contractual language in the MSA, appellees were not required to prove the attorney's fees they incurred were reasonable and necessary, however, the trial court found appellees established the reasonableness and necessity of their attorney's fees as a matter of law;

–4–

- As set forth in the supplemental summary judgment motion, EXCO was entitled to indemnity from Basic pursuant to the MSA as to all claims for defense and indemnity asserted against EXCO by the non-EXCO appellees pursuant to the master service agreements between EXCO and the non-EXCO appellees;

- Basic was obliged to pay and reimburse appellees all of their attorney's fees, litigation expenses, and court costs arising from the claims of the Rosas Plaintiffs or incurred in this matter including, but not limited to, those fees, costs, and expenses incurred defending against the claims of the Rosas Plaintiffs and pursuing contractual defense or indemnity from Basic or EXCO;

- Basic was further obliged to pay and reimburse EXCO its contingent attorney's fees, litigation expenses, and court costs;

- Basic was obliged to pay each appellee post-judgment interest on all amounts awarded to that appellee; and

- All court costs incurred by appellees were assessed against Basic.

Basic filed a motion for new trial, which the trial court denied after considering the motion and appellees' response. This appeal follows.

### INDEMNITY PROVISION BETWEEN BASIC AND EXCO

All of Basic's arguments relate to the defense and indemnity provision of the MSA. It provides:

> Contractor [Basic] shall defend, indemnify, hold harmless, and release Company Group [EXCO and non-EXCO appellees] from and against any and all claims, losses, damages, demands, causes of action, suits, and liability of every kind, including all expenses of litigation, court costs and attorneys' fees which may be incurred by Company Group [EXCO and non-EXCO appellees] as a result of such claims, demands, or suits brought or asserted against Company [EXCO] by Contractor Group arising from any claim of loss, damage, injury, illness or death described in subparagraphs (a) through (h) below, regardless (except as expressly provided herein) of who may be at fault or otherwise responsible under any statute, rule or theory of law, including but not limited to theories of strict liability, and even though the subject loss, damage, injury, illness or death may have been caused in whole or in part by: (1) the sole, concurrent, active or passive negligence of Company Group or (2) a defect in the property or equipment of either party, including but not limited to those defects preexisting the effective date of this agreement.

STANDARD OF REVIEW

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *See id.* The movant bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Id.*

## APPLICABLE LAW

An indemnity agreement is a promise to safeguard or hold the indemnitee harmless against either existing loss liability, future loss liability, or both. *Dresser Indus., Inc.v . Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). We construe indemnity agreements under normal rules of contract construction. *Gulf Ins. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). The primary goal is to ascertain and give effect to the parties' intent as expressed by the plain language they used in the contract. *See Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). We assign terms their ordinary and generally accepted meaning unless the contract directs otherwise. *See id.*

The rule of strictissimi juris applies so that the indemnitor is entitled to have its agreement strictly construed. *See Irvin v. Guarantee Co. of N. Am., U.S.A.*, 05-07-01230-CV, 2008 WL 2971806, at *3 (Tex. App.—Dallas Aug. 5, 2008, no pet.) (mem. op.) (citing *Hudson v. Hinton*, 435 S.W.2d 211, 214 (Tex. Civ. App.—Dallas 1968, no writ)). However, this rule is not one of construction but of substantive law that applies only after the parties' intent has been ascertained through ordinary rules of construction. *Id.* We thus begin by reviewing the agreement language to ascertain whether the trial court properly determined that its intent was sufficiently plain to support the summary judgment. *See id.*, at *4.

**DISCUSSION**

**I.      Did the Trial Court Correctly Construe the MSA?**

In its first set of issues, Basic urges the trial court erred in imposing defense and indemnity obligations on it by incorrectly construing what it urges as the plain, unambiguous language of the indemnity provision in the MSA.  When parties disagree over the meaning of an unambiguous contract, we determine the parties' intent by examining and considering the entire writing in an effort to give effect to the parties' intentions as expressed in the contract.  *See Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454, 459 (Tex. App.—Dallas 2011, no pet.).  We give contract terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense.  *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005).

*A.      Did the MSA Cover Claims from Basic's Employee's Heirs and Beneficiaries?*

The Rosas Plaintiffs' claims fell into two categories: (1) a survival claim asserted by Pablo Rosas's estate, and (2) wrongful death claims asserted by the heirs and beneficiaries of Pablo Rosas.  According to Basic, the MSA unambiguously imposes defense and indemnity obligations on Basic for suits by a member of the Contractor Group, which includes employees of Basic, but not the heirs or beneficiaries of Basic or its employees.  Basic argues that the wrongful death claims asserted by the heirs and beneficiaries of Pablo Rosas were only to the benefit of his heirs and beneficiaries such that any claimed defense or litigation expenses associated with the wrongful death claim were not covered by the MSA.  Basic further urges that by not including the heirs or beneficiaries of Basic's employees in the definition of "Contractor Group," EXCO deliberately excluded suits by heirs or beneficiaries of Basic's employees, such as the wrongful death claims asserted by the Rosas Plaintiffs.

Reviewing the language of the indemnity agreement, Basic agreed to "defend [and] indemnify . . . Company Group . . . from and against any and all claims, . . . damages, . . . and liability of every kind, including all expenses of litigation, court costs and attorneys' fees which may be incurred by Company Group as a result of such claims, demands, or suits brought or asserted against Company [EXCO] by Contractor Group arising from any claim of loss, damage, injury, illness or death described in subparagraphs (a) through (h) below."[5] Subparagraph (a) provides for "personal injury to, bodily injury to, . . . [or] death of . . . [Basic's] employees."

Thus, the agreement plainly and unambiguously obliges Basic to defend and indemnify the Company Group from and against any and all claims, litigation expenses, and attorneys' fees that appellees incurred *as a result of* suits brought against EXCO by Contractor Group arising from any claim of death of one of Basic's employees. To interpret the agreement to provide for claims for the death of a person but to exclude actions brought by heirs or beneficiaries does not make any logical sense. Moreover, the supreme court has consistently held that the right of beneficiaries to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death. *See Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992). Given that precedent and the umambiguous language of the MSA, we cannot conclude the trial court erred by interpreting all of the Rosas Plaintiffs' claims as covered by the MSA.

### B. Was Basic Obliged to Defend or to Indemnify the Non-EXCO Appellees?

Basic next urges that the trial court erred by requiring Basic to defend or to indemnify claims the Rosas Plaintiffs brought against non-EXCO appellees. Basic relies on the fact that the

---

[5] We note that the indemnity agreement's definition of Contractor Group includes commercial entities and "agents, directors, officers, employees . . . ." As commercial entities do not suffer natural deaths and employees may not bring survivorship claims to recoup losses arising from death, reading the indemnity provision to exclude the only people who might bring a claim to recoup for an employee's death would require us to give no effect to that language. *See Dorsett*, 164 S.W.3d at 662 ("[C]ourts should examine the entire writing to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.").

MSA distinguishes between Company and Company Group and thus the indemnity provision only applies to suits against EXCO and not against EXCO's other contractors, or the non-EXCO appellees. Basic interprets the MSA to require Basic to defend "suits brought or asserted against [EXCO] by Contractor Group arising from any claim of loss . . . injury . . . or death described in subparagraph (a)." Neither party disputes that all non-EXCO appellees are part of the Company Group.

Basic's argument ignores the first part of the provision, which requires Basic to "defend [and] indemnify . . . Company Group . . . from and against any and all claims, . . . damages, . . . and liability of every kind, including all expenses of litigation, court costs and attorneys' fees which may be incurred by Company Group." *See Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996) ("We presume that the parties to a contract intend every clause to have some effect."). Reading the provision as a whole, we cannot conclude the trial court erred by requiring Basic to defend or to indemnify non-EXCO appellees for claims brought against them as they plainly fall within the contract's definition of Company Group, as all readily admit non-EXCO appellees are part of the Company Group. *See Dorsett*, 164 S.W.3d at 662 ("[C]ourts should examine the entire writing to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.").

### C.     *Was Basic Obliged to Indemnify EXCO for Claims the Non-EXCO Appellees Asserted against EXCO?*

Basic argues that the plain language of the MSA does not provide for any pass-through indemnity, and that, absent express language in the MSA, Basic was not obliged to indemnify EXCO for EXCO's separate contractual indemnity provisions.

In addition to the MSA with Basic, EXCO signed master service agreements with each of the non-EXCO appellees. Those agreements provided for EXCO's indemnity obligations to the non-EXCO appellees and for the non-EXCO appellees' indemnity obligations to EXCO. In those

agreements, the non-EXCO appellees agreed to indemnify EXCO for all claims, losses, and expenses incurred by EXCO as a result of such claims, demands, or suits brought or asserted against EXCO by any party, "including any third party to whom [EXCO] is obligated to provide indemnity by contract or otherwise."

Basic argues that such language is missing from the indemnity provision in the MSA, such that the MSA did not impose any obligation on Basic to indemnify EXCO for EXCO's separate contractual indemnity agreements with the non-EXCO appellees. Basic urges that failing to list a specific type of claim precludes indemnification for that claim. However, Basic appears to be relying on the legal doctrine of "the express negligence test," which is "very narrow, requiring simply that parties seeking to indemnify the indemnitee from the consequences of its own negligence must express that intent in specific terms." *See Ard v. Gemini Expl. Co.*, 894 S.W.2d 11, 13 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

Basic relies on an opinion from the Fort Worth Court of Appeals to contend that the MSA must have apprised Basic that EXCO had separate contracts and expected indemnification under those separate contracts. *See Nabors Drilling USA, L.P. v. Encana Oil & Gas (USA) Inc.*, 02-12-00166-CV, 2013 WL 3488152, at *5 (Tex. App.—Fort Worth 2013, pet. denied) (mem. op.). In *Encana*, the court noted that a plain reading of the contract at issue did not reveal an intention that extra-contractual liabilities obligations would be passed through and noted three ways that a party could have provided for pass-through liability. *Id.*, at *5 n.5. The third and last of those three methods was "to expand the categories of persons or companies entitled to indemnity protection such that the indemnity agrees to indemnify the indemnitee and its contractors and subcontractors (excluding [indemnitor] and its subcontractors)." *Id.*

We note that the language at issue here obliges Basic to defend, indemnify, hold harmless, and release the "Company Group," defined in the MSA as including EXCO *and* its contractors

and subcontractors. Therefore, the MSA expanded the categories of persons or companies entitled to indemnity protection in a manner specified by *Encana*. *See id.* Accordingly, we conclude the trial court did not err by requiring Basic to indemnify EXCO for EXCO's separate contractual indemnity obligations to non-EXCO appellees.

### D. Is the MSA Ambiguous?

Basic finally argues in the alternative that the MSA is ambiguous, urging that its interpretation of the indemnity and defense provision is reasonable and that if this Court concludes appellees' interpretation is also reasonable, then an ambiguity exists. We have concluded, however, that Basic's interpretation is in fact in conflict with the plain language of the MSA as detailed above. Accordingly, we reject any assertion that the MSA is ambiguous. *See Gulf Ins. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000) ("When the contract is worded so that it can be given a certain or definite legal meaning it is not ambiguous and the court will construe the contract as a matter of law.").

## II. Attorney's Fees

In a second set of issues, Basic urges the trial court erred in granting summary judgment on appellees' claims for attorney's fees.

### A. Were There Any Questions of Material Fact?

Basic urges that appellees' requested attorney's fees can be divided into three categories: (1) defense fees and costs for the underlying Rosas lawsuit; (2) fees and costs for cross-claims against Basic for defense and indemnification; and (3) fees for cross-claims against EXCO for defense and indemnity. According to Basic, appellees' attorneys' affidavits did not establish they were entitled to all three fee categories because at least the second and third categories were governed by the "reasonable and necessary" standard set forth in the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. Basic continues that the supporting affidavits

were not specific enough, leaving questions of fact. Basic further urges that appellees' affidavits supporting their attorney's fees did not meet the requirements to establish their reasonableness as set forth in the supreme court opinions of *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760–64 (Tex. 2012), and *Arthur Anderson & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

Appellees respond that Basic's "questions of fact" argument is premised on the notion that appellees were required to prove their attorney's fees were reasonable, despite the contract's governing language and the fact that the fees had already been paid. Appellees reject this notion instead pointing to the plain language of the contract which provides for "all expenses of litigation, court costs, and attorneys' fees which may be incurred by Company Group . . . ." We agree with appellees.

Basic relies on section 38.001 of the civil practice and remedies code and opinions from this Court in support of its argument that appellees' attorney's fees are subject to reasonableness requirements. *See* CIV. PRAC. & REM. § 38.001 ((providing a person may recover "reasonable attorney's fees" for claims of, among others, breach of contract); *Roberts v. Roper*, 373 S.W.3d 227, 233 (Tex. App.—Dallas 2012, no pet.) (in summary judgment proceedings, non-movant may raise fact issue as to attorney's fees by filing affidavit of attorney contesting reasonableness of movant's attorney's affidavit). Regardless of the reasonableness requirement of section 38.001, appellees sought and obtained recovery of their attorney's fees pursuant to a contract, the MSA. Therefore, we will now address whether the MSA required appellees to prove their attorney's fees were reasonable. *See* TEX. R. APP. P. 47.1.

The plain language of the contract provides for "all expenses of litigation, court costs, and attorneys' fees which may be incurred by Company Group . . . " and does not include any requirement that such amounts must be subsequently subjected to scrutiny for reasonableness. *See Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). Basic relies on our opinion in

*Roberts v. Roper* to argue that an agreement for attorney's fees implies those fees must be reasonable. *See Roberts*, 373 S.W.3d at 233. We find that decision distinguishable because that decision involved a promissory note in which an individual "borrower promise[d] to pay all attorney's fees of [an individual] lender" whereas here, two sophisticated, commercial entities negotiated that one would "defend, indemnify, hold harmless, and release" another and its subcontractors "from and against . . . liability of every kind, including all expenses of litigation, court costs and attorneys' fees . . . ." *See Roberts*, 373 S.W.3d at 233.[6] Basic and EXCO agreed that EXCO could either (1) tender its defense to Basic thus allowing Basic to control the costs of litigation or (2) incur litigation expenses itself, negotiating with attorneys for fees that it would then submit to Basic for indemnification, risking Basic's refusal or inability to pay and assuring itself of the reasonableness of the fees it was paying in the process. Accordingly, in view of the fact that the agreement at issue here was between two sophisticated, commercial entities presently familiar with the expenses of litigation, court costs and attorney's fees and free to negotiate and structure their affairs as they sought fit, we see no reason to impose additional procedures beyond those they chose for themselves.

Accordingly, we overrule this issue.

### B.      Did the Non-EXCO Claims Fall within the Scope of the MSA?

Basic next argues that it had no obligation to pay the non-EXCO appellees' defense costs and fees because the claims against them were not within the scope of the MSA. It argues the indemnity provision must be strictly construed against appellees and in Basic's favor. However, the strict construction Basic would have us apply is a rule of substantive law that applies only after

---

[6] We further distinguish all our other opinions concluding that "[a]n agreement to pay an unspecified amount of attorney's fees implies payment of a reasonable fee for the attorney's services" because those cases similarly involved individuals who had agreed to pay unspecified amounts of attorney's fees. *See In Interest of A.N.Z.*, 05-15-01443-CV, 2017 WL 2464677, at *1 (Tex. App.—Dallas June 7, 2017, no pet.) (mem. op.) (fee provision of divorce decree); *In re B.N.L.-B.*, 375 S.W.3d 557, 566 (Tex. App.—Dallas 2012, no pet.) (indemnification provision in donor agreement between individuals); *Girard Fire & Marine Ins. Co. v. Koenigsberg*, 65 S.W.2d 783, 785 (Tex. Civ. App.—Dallas 1933, no writ) (indemnity contract between an individual, insurance company, and insurance company's agency "to refund all loss or damage and all attorney's fee").

the parties' intent has been ascertained through ordinary rules of construction. *See Irvin v. Guarantee Co. of N. Am., U.S.A.*, 05-07-01230-CV, 2008 WL 2971806, at *3 (Tex. App.—Dallas Aug. 5, 2008, no pet.) (mem. op.) (citing *Hudson v. Hinton*, 435 S.W.2d 211, 214 (Tex. Civ. App.—Dallas 1968, no writ)).

As noted above, the plain language of the indemnity provision and the agreement as a whole requires Basic to defend or to indemnify non-EXCO appellees for claims brought against them. Accordingly, we cannot conclude the claims fell outside the scope of the MSA.

### C.    Did the MSA Cover Separate Claims against EXCO by Non-EXCO Appellees?

Finally, Basic argues that even if underlying defense fees were authorized for the non-EXCO appellees, the trial court erred in awarding attorney's fees for separate contractual claims against EXCO because the MSA did not cover extra-contractual claims. Because we have already declined to conclude the trial court erred by requiring Basic to indemnify EXCO for EXCO's separate contractual indemnity obligations to non-EXCO appellees, we similarly decline to conclude the trial court erred by requiring Basic to pay defense costs and fees for claims arising from EXCO's separate contractual indemnity obligations to non-EXCO appellees.

### CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

150667F.P05

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BASIC ENERGY SERVICES, L.P.,
Appellant

No. 05-15-00667-CV     V.

EXCO RESOURCES, INC., EXCO
SERVICES, INC., EXCO OPERATING
COMPANY, L.P., EXCO OPERATING
COMPANY, L.P. FORMERLY KNOWN
AS EXCO PARTNERS OPERATING
PARTNERSHIP, L.P., EXCO
OPERATING COMPANY, L.P. DOING
BUSINESS AS EXCO PARTNERS
OPERATING PTSH, L.P., SUPERIOR
ENERGY SERVICES, L.L.C., SUPERIOR
ENERGY SERVICES, INC., WARRIOR
ENERGY SERVICES CORPORATION,
TEXAS CES, INC., HALLIBURTON
ENERGY SERVICES, INC., CHILDRESS
FISHING & RENTAL SERVICES, INC.,
WEATHERFORD U.S., L.P., BENOIT
MACHINE, INC., SMITH
INTERNATIONAL, INC., AND
THOMAS ENERGY SERVICES, LLC,
Appellees

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-11-07735-E.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees EXCO SERVICES, INC., EXCO OPERATING COMPANY, L.P., EXCO OPERATING COMPANY, L.P. FORMERLY KNOWN AS EXCO

PARTNERS OPERATING PARTNERSHIP, L.P., EXCO OPERATING COMPANY, L.P. DOING BUSINESS AS EXCO PARTNERS OPERATING PTSH, L.P., SUPERIOR ENERGY SERVICES, L.L.C., SUPERIOR ENERGY SERVICES, INC., WARRIOR ENERGY SERVICES CORPORATION, TEXAS CES, INC., HALLIBURTON ENERGY SERVICES, INC., CHILDRESS FISHING & RENTAL SERVICES, INC., WEATHERFORD U.S., L.P., BENOIT MACHINE, INC., SMITH INTERNATIONAL, INC., AND THOMAS ENERGY SERVICES, LLC recover their costs of this appeal from appellant BASIC ENERGY SERVICES, L.P..

Judgment entered this 26th day of January, 2018.